CLD-084                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1673
_____

ATTALLAH BRIGHTWELL,
Appellant

v.

NEW JERSEY DEPARTMENT OF CHILDREN AND FAMLIES AND
OFFICE OF LICENSING; HELEN EMOND; JENNIFER THIEL;
JULISSA STUBNICKI; SHARONDA CLARK; ANTOINETTE FRANKLIN;
MARIA ALTERMIRANO; THERESEA ROSSENER; ANTOINETTE MAHAN;
KATHRYN O'CONNELL; JANET HOCHMAN; BRIAN ROSS; DIANE CAMISO;
JOHN DOE (1-12); XYZ (1-12), All of whose true names are unknown, inclusive;
MARILYN WEISS; BETH FERLICCHI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-03016)
District Judge:  Honorable Evelyn Padin

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 13, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 2, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Attallah Brightwell, proceeding pro se, appeals from an order denying her motion seeking relief from the District Court's decision to grant the defendants' motions to dismiss her civil action. Because this appeal does not present a substantial question, we will summarily affirm.

Brightwell filed a complaint, which she later amended, raising state and federal claims arising from inspections of her childcare center and the non-issuance of a permanent childcare center license. The defendants filed motions to dismiss. Over Brightwell's objections, the United States District Court for the District of New Jersey granted the motions to dismiss by order entered November 17, 2023. On December 31, 2023, Brightwell filed a motion that was captioned as seeking relief under Federal Rule of Civil Procedure 60(b). The District Court denied that motion by order entered March 12, 2024, agreeing with the defendants that it was untimely under Local Civil Rule 7.1(i), and that, alternatively, Brightwell failed to establish that relief was warranted on the merits. Brightwell filed a notice of appeal on April 11, 2024.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the denial of Brightwell's motion for abuse of discretion.[1]  See Blystone v. Horn, 664 F.3d 397, 415

---

[1] We lack jurisdiction to review the order granting the defendants' motions to dismiss. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Brightwell had to file her notice of appeal within 30 days of the entry of judgment. That requirement is "mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)). The

(3d Cir. 2011) (Rule 59(e) motions); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (Rule 60(b) motions). We may summarily affirm a decision of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See L.A.R. 27.4; I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not abuse its discretion in denying Brightwell's motion as untimely filed. In that motion, Brightwell alleged that the District Court committed various legal errors in its decision granting the defendants' motions to dismiss.[2] Such a motion, seeking to alter or amend the judgment, must be filed no later than 28 days after entry of the judgment. See Fed. R. Civ. P. 59(e).[3] The District Court entered its order

_____

District Court granted the defendants' motions to dismiss by order entered November 17, 2023. Thus, Brightwell had until Monday, December 17, 2023, to file a timely notice of appeal of that judgment. Her notice of appeal, filed on April 11, 2024, was several months late. Because Brightwell's December 31, 2023 motion – whether construed as seeking relief under Federal Rule of Civil Procedure 59(e) or Rule 60(b) – was filed more than 28 days after entry of the order granting the defendants' motions to dismiss, it did not toll the time to file an appeal. See Fed. R. App. P. 4(a)(4)(A)(v) & (vi).

[2] In particular, she argued that the District Court erred in (1) failing to conduct oral argument; (2) concluding that certain claims were barred by res judicata; (3) "the exclusion of the [discovery] rule"; (4) holding that she failed to allege the existence of a plausible contractual relationship with the defendants for purposes of 42 U.S.C. § 1981; (5) determining that there was no employer-employee relationship between her and the defendants for purposes of Title VII of the Civil Rights Act of 1964; (6) concluding that further amendment of the complaint would have been futile; and (7) refusing to exercise supplemental jurisdiction over state law claims.

[3] Although the District Court evaluated Brightwell's motion under Local Civil Rule 7.1(i), which provides 14 days to file a motion for reconsideration, under our precedent, we construe her motion as having been filed in part pursuant to Rule 59(e) of the Federal

3

granting the defendants' motions to dismiss on November 17, 2023.  Brightwell filed her

motion more than 28 days later, on December 31, 2023.[4]

We note that Brightwell submitted a letter to the District Court on December 6,

2023, asking about the deadline for filing a motion for reconsideration.  In another letter,

which was filed on December 15, 2023, Brightwell claimed that she did not receive the

order granting the defendants' motions to dismiss until December 1, 2023.  These letters

do not provide any basis for relief.  They did not evince an intention to appeal.  Although

a District Court can extend or reopen the time for filing a notice of appeal, see Fed. R.

App. P. 4(a)(5) & 4(a)(6), there is no basis in Brightwell's letters or in the record for

doing so.  In addition, the Federal Rules of Civil Procedure prohibit a District Court from

granting an extension of time to file a motion under Rules 59(e) and 60(b).  See Fed. R.

Civ. P. 6(b)(2).  Finally, nothing in Brightwell's letters indicated that she intended for the

letters themselves to serve as a motion for reconsideration.[5]

---

Rules of Civil Procedure.  See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013).

[4] Because Rule 59(e) is a claim-processing rule, an objection based on the untimeliness of such a motion may be forfeited.  See Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam).  Here, the defendants objected to Brightwell's motion on timeliness grounds.

[5] Assuming that Brightwell's December 2023 motion had been filed within 28 days of the order granting the defendants' motions to dismiss, we conclude that she did not set forth adequate grounds for relief under Rule 59(e).  Rather than relying on an intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law or prevent manifest injustice, Brightwell's motion essentially repeated arguments that she made in opposition to the defendants' motions to dismiss.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 485

To the extent that Brightwell's December 2023 motion could be construed as seeking relief under Rule 60(b), the motion was timely filed. <u>See</u> Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Nevertheless, no relief is warranted. A Rule 60(b) motion is not a substitute for appeal, <u>see</u> <u>Morris v. Horn</u>, 187 F.3d 333, 336 (3d Cir. 1999), and the arguments raised in Brightwell's motion could have been raised in an appeal of the order granting the defendants' motions to dismiss. <u>See</u> note 2, *supra*.

Accordingly, we will summarily affirm the District Court's judgment.

---

n.5 (2008) (noting that a Rule 59(e) motion may not be used to relitigate old matters or to present evidence or arguments that could have been offered earlier).

5